IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | | |
|---|---|---|
| JAMES M. WOLF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:17-cv-5878 |
| | ) | |
| INTERCONTINENTAL CHICAGO, INC., | ) | |
| and INTERCONTINENTAL HOTELS | ) | |
| GROUP OPERATING CORP., | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff James M. Wolf, by counsel and as his Complaint for Declaratory and Injunctive Relief against Defendants InterContinental Chicago, Inc. and Intercontinental Hotels Group Operating Corp., states as follows:

INTRODUCTION

1. Plaintiff James M. Wolf brings this action for declaratory, injunctive and equitable relief to enforce the rights of individuals who are disabled as required under Title III of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12101 *et seq*. and the ADA Amendments Act of 2008.

PARTIES, JURISDICTION & VENUE

2. Plaintiff is a resident of Delaware County in the State of Pennsylvania.

3. Defendants InterContinental Chicago, Inc. and Intercontinental Hotels Group Operating Corp. are corporate entities organized under the laws of the State of Delaware and do business as a hotel open to the public at 505 North Michigan Avenue, Chicago, Illinois.

4. Plaintiff invokes this Court's federal question jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTS & SPECIFIC ALLEGATIONS

6. Plaintiff suffers from C-7 Quadriplegia, and for mobility relies upon the assistance of a wheel chair.

7. Defendants own, lease, lease to a third party or operate in Chicago, Illinois a hotel open for business to the public.

8. On or around August 20, 2015, Plaintiff attempted to patronize Defendants' hotel during Defendants' regular business hours.

9. Plaintiff has suffered, is suffering and / or has reasonable grounds for believing that Plaintiff is about to be subjected to discrimination on the basis of disability regarding Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendants to the public.

10. Plaintiff caused to be conducted an investigatory survey of Defendants' premises which determined multiple violations of the ADA, each of which individually, and taken together as a whole, has subjected, subjects or is reasonable grounds for believing that Plaintiff is about to be subjected to, discrimination on the basis of disability, as Defendants' premises is not compliant with the ADA accessibility requirements, including, but not limited to: the beds, rooms, parking area, and common areas of Defendants' premises.

11. Plaintiff suffers a real and immediate threat of future violations of the ADA by Defendants in that Plaintiff's ability to access, use or enjoy all or some of the products, services and

facilities available to the public remain and continue to be hindered or prevented by barriers to accessibility.

## LEGAL CLAIM

12. Plaintiff has a "disability" as defined in the ADA, 42 U.S.C. § 12102.

13. Defendants own, lease, lease to a third party, or operate a place of "public accommodation" as defined under Title III of the ADA, 42 U.S.C. § 12181.

14. Plaintiff has been subjected to, is being subjected to, and / or has reasonable grounds for believing that Plaintiff is about to be subjected to, discrimination on the basis of disability.

15. As a result of Defendants' one or more unlawful acts, Plaintiff has been required to engage legal counsel and has incurred attorney fees, which are compensable to Plaintiff pursuant to 42 U.S.C. § 1988 and / or 42 U.S.C. § 12205.

16. As a result of Defendants' one or more unlawfult acts, Plaintiff has been required to incur costs including, but not limited to, expert witness fees, which are compensable to Plaintiff pursuant to 42 U.S.C. § 1988 and / or 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Issue a declaratory judgment declaring that Defendants' premises, actions, omissions, policies and / or practices violate rights guaranteed to Plaintiff under the ADA;

B. Issue a permanent injunction ordering the Defendants to bring into compliance with the ADA all violations determined by the ADA survey conducted at the request of Plaintiff;

C. Retain jurisdiction over this action until the Court determines that Defendants have brought into compliance with the ADA all violations determined by the ADA survey conducted at the request of Plaintiff;

D. Award Plaintiff's attorney fees and costs, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205; and

E. Issue such other order as this Court may deem just and proper.

      Respectfully submitted,

      HENN HAWORTH CUMMINGS & PAGE

      /s/ David M. Henn
      David M. Henn, Indiana Supreme Court #18002-49
      David.Henn@HHCFirm.com

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Suite A
Greenwood, Indiana 46142
(317) 885-0041
(888) 308-6503 Fax